**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| In re: | ) | In proceedings under |
| | ) | Chapter 11 |
| NATURE'S SECOND CHANCE | ) | |
| LEASING, LLC, | ) | |
| | ) | |
| Debtor. | ) | Bk. No. 18-30777 |

**EMERGENCY APPLICATION TO EMPLOY AUCTIONEER AND**
**TO AUTHORIZE PUBLIC AUCTION SALE OF EQUIPMENT**
**FREE AND CLEAR OF LIENS, CLAIMS AND SECURITY INTERESTS**

NATURE'S SECOND CHANGE LEASING, LLC (the "Debtor"), by and through

its undersigned attorneys, states as follows:

1. The Debtor filed its voluntary case under Chapter 11 of the United States

Bankruptcy Code on May 23, 2018, and since that time has been managing its financial

affairs as a Debtor in Possession.

2. The Court has jurisdiction over this Application and the relief requested

herein pursuant to 28 U.S.C. §1334 and 11 U.S.C. §§105, 327 and 363.

3. This is "core" proceeding with in the contemplation of 28 U.S.C.

§157(b)(2)(A) and (M).

4. Prior to filing its voluntary Chapter 11 case, the Debtor was in the

business of owning trucks, tractors, trailers, skid steers, Bobcats, and similar equipment,

which it leased to its affiliated entity, Nature's Second Chance Hauling, LLC

("Hauling").

5.      In turn, Hauling specialized in picking up recyclable paper, such as cardboard, and delivering it to paper mills for the purpose of recycling into new boxes and similar paper/cardboard items.

6.      Hauling's major customers were Waste Management, International Paper, Georgia Pacific and WestRock.   Those companies contracted with Hauling to pick up bales of cardboard and plastic at large retailers such as Wal-Mart, Home Depot, Lowes, and similar retail establishments.   Once Hauling picked up the bales, it would deliver them to customers who then recycle the delivered product.

7.      Hauling operated in 25 states and had a fleet of 150 trucks and Bobcats. Hauling had 300 employees.   Hauling leased its vehicles from commercial leasing companies and from the Debtor.

8.      Hauling expended substantial sums in developing its customer base and acquiring (through the Debtor) equipment necessary to operate its business.

9.      On January 13, 2017, GroupKLT, Inc., Hauling, the Debtor and the then-members of Hauling and Leasing, Vern Van Hoy and J. Thomas Long, entered into a Management Agreement, under which Group agreed to undertake management of the day-to-day operations of Hauling's and Leasing's business operations and financial affairs.

10.      Prior to commencement of its Chapter 11 case, the Debtor learned that a substantial portion of its equipment was not being used by GroupKLT to operate Hauling's business.

11.     In light of non-use of the equipment, the Debtor began to take possession of its equipment and delivered the equipment to a various locations that would facilitate either private sales or auction sale.

12.     By this Motion, the Debtor seeks entry of an Order authorizing the Debtor to (i) engage Ritchie Bros. Auctioneers (America), Inc., as auctioneer, (ii) sell certain equipment, as more fully discussed below, pursuant to Sections 363(b) and (f) of the Bankruptcy Code free and clear of all liens, claims and encumbrances to Purchaser (the "Sale") (iii) authorizing and directing counsel to the Debtor to execute and deliver on behalf of the bankruptcy estate any documents, agreements, bills of sale, deeds, certificates of title, affidavits, or other similar instruments to facilitate the sale of the subject equipment to purchasers, (iv) authorizing payment of the auctioneer's commission and expenses from the proceeds of sale, and (v) directing that all proceeds of sale be held by Debtor's counsel in a trust account pending further Order of the Court.

### ENGAGEMENT OF AUCTIONEER
### AND APPROVAL OF COMMISSION AND FEES

13.     One of the locations to which the Debtor delivered equipment was the premises of Ritchie Bros. Auctioneers (America), Inc. ("Ritchie Bros.") in Morris, Illinois.

14.     Ritchie Bros. is a global asset management and disposition company, offering customers end-to-end solutions for buying and selling used heavy equipment, trucks, and other assets.  Ritchie Bros. maintains multiple onsite and online selling

platforms for the purpose of assisting its customers in disposing of and purchasing used heavy equipment, trucks, and other assets.

15.    Ritchie Bros. has more than forty permanent auction sites in North America, Europe, the Middle East, Asia, and Australia.

16.    In addition, Ritchie Bros. has more than 2,000 full time employees worldwide.

17.    Ritchie Bros. regularly attracts numerous in-person and online buyers to its auction sales of heavy equipment.   In that respect, Ritchie Bros. advertising is available online to thousands of potential bidders and buyers.

18.    Pursuant to the Declaration of Gene Cross, a copy of which is attached hereto as Exhibit 1, Ritchie Bros. is a "disinterested" person and holds no interest adverse to the interests of the Debtor, creditors, or the estate with respect to the matters for which it is to be engaged.

19.    In light of Ritchie Bros. prominence in field of sales of used heavy equipment, the Debtor selected it as auctioneer for certain of the Debtor's equipment.

20.    On June 1, 2018, the Debtor entered into an auction sale contract (the "Agreement") with Ritchie Bros., a true and correct copy of which is attached hereto as Exhibit 2.   Under the terms of the Agreement, Ritchie Bros. will expose the equipment identified on Schedule A to the Agreement to an auction sale on June 15, 2018, in Morris, Illinois.

21.    Authorizing the Debtor to engage Ritchie Bros. is in the best interests of the Debtor, creditors and the estate.   Among other things, engagement of Ritchie Bros. will

facilitate a prompt sale of equipment which is unnecessary for any ongoing business operations.

22.    In addition, the proposed commissions to be paid to Ritchie Bros. are reasonable and consistent with commissions generally charged in connection with sales of heavy equipment.   The commissions and other fees are described in the Declaration of Gene Cross attached hereto as Exhibit 1 and the Agreement attached hereto as Exhibit 2.

### SALE OF ASSETS UNDER SECTION 363 OF THE BANKRUPTCY CODE

23.    The Debtor requests that the Court authorize the sale of the equipment identified on Schedule A to the Agreement pursuant to Section 363 of the Bankruptcy Code free and clear of all liens, claims and encumbrances, with such liens, claims and encumbrances to attach to the sale proceeds.

24.    The equipment identified on Schedule A to the Agreement is not being used by the Debtor or GroupKLT in the operation of its business, and, therefore, it is in the best interests of creditors and the estate for that equipment to be sold.

25.    Section 363(b) of the Bankruptcy Code authorizes the sale of property of the estate other than in the ordinary course of business, after notice and a hearing. A sale of assets outside the ordinary course of business is a matter within the Court's discretion

26.    The Debtor has determined that, in its business judgment, the sale of the equipment identified on Schedule A to the Agreement is in the best interest of Debtor's Chapter 11 estate and its creditors. The proposed sale will be for fair and reasonable

consideration, and is in good faith. The Sale does not unfairly benefit any insiders or creditors of the Debtor, and will maximize the value of the Debtor's estate.

27.     Furthermore, since the sale will be by way of public auction, there is risk the Debtor or any interested party is acting in concert with or colluding with any parties in connection with the proposed sale.

## SALE FREE AND CLEAR OF ALL LIENS

28.     Section 363(f) of the Bankruptcy Code authorizes a trustee to use, sell or lease property of the estate outside of the ordinary course of business free and clear of any interest in such property. Under the proposed sale, the equipment identified on Schedule A to the Agreement will be sold free and clear of all liens, claims and encumbrances with any such liens, claims and encumbrances to attach to the net sale proceeds with the same validity, priority, force and effect that such liens, claims and encumbrances had on such assets prior to the closing of the proposed sale.

29.     Schedule A to the Agreement identifies those parties the Debtor believes hold liens against and security interests in the subject equipment.   While a column on that Schedule purport to set forth the amount of applicable encumbrances as "0," the Debtor nonetheless believes creditors are owed substantial sums with respect to the equipment.

30.     In order to preserve the rights and interests of creditors and interested parties, the Debtor proposes that all sale proceeds, net of commissions and other fees paid to Ritchie Bros., be held by Debtor's counsel in Trust pending further Order of the Court.

## WAIVE 6004(h) PERIOD

31.     To facilitate a prompt closing of the sale(s), the Trustee requests that the time period set forth in Bankruptcy Rule 6004(h) be waived and that the order approving the sale hereunder be immediately final.

WHEREFORE, NATURE'S SECOND CHANCE LEASING, LLC, respectfully requests entry of an Order:

A.     authorizing the Debtor to engage Ritchie Bros. Auctioneers (America), Inc., as auctioneer pursuant to the terms of the Agreement attached hereto as Exhibit 2;

B.     authorizing the auction sale of the equipment identified on Schedule A to the Agreement attached hereto as Exhibit 2 on June 15, 2018, at Ritchie Bros.' facility in Morris, Illinois,  pursuant to Sections 363(b) and (f) of the Bankruptcy Code free and clear of all liens, claims and encumbrances, with all such liens, claims, encumbrances to attach to the proceeds of sale ;

C.     authorizing and directing counsel to the Debtor to execute and deliver on behalf of the bankruptcy estate any documents, agreements, bills of sale, deeds, certificates of title, affidavits, or other similar instruments to facilitate the sale of the subject equipment;

D.     directing that all net proceeds of the sale of the subject equipment be held by Debtor's counsel in trust pending further Order of the Court; and

E.     granting the Debtor such other and further relief as the court deems just and equitable.

HEPLERBROOM, LLC

/s/ Steven M. Wallace

By: _____

Steven M. Wallace #6198917
130 North Main Street
Edwardsville, Illinois 62025
Direct:  (618) 307-1185
Fax:  (618) 656-1364
Email:  steven.wallace@heplerbroom.com

Proposed Counsel to
Nature's Second Chance Leasing, LLC

8

## Certificate of Service

The undersigned certifies that a true and correct copy of the foregoing was served electronically this 5th day of June, 2018, (a) via CM/ECF to all persons receiving notice through that system and (b) via the United States Postal Service, postage fully prepaid, on all creditors and parties in interest as follows:

Nature's Second Chance Hauling, LLC
2402 State Street
Alton, IL 62002

CAT Financial
PO Box 340001
Nashville, TN 37203-0001

Southern Utility
550 Highway 49 South
Richland, MS 39218

Arch Trailers
4800 Bulwer Ave.
St. Louis, MO 63147

Bank of Rantoul
201 E. Champaign Ave.
Rantoul, IL 61866

Daimler-Mercedes Benz
PO Box 685
Roanoke, TX 76262

First National Bank – Staunton
Attn: Brian Ury
115 Elm Street
Staunton, IL 62088

/s/ Steven M. Wallace

_____